FILED

CRISTOBAL CUEVAS
404 SOUTH PACIFIC DRIVE (ADU)
ORANGE, CA 92833
In Pro Per

2024 SEP 16 PM 1:40

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: _____

IFP Submitted

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CRISTOBAL CUEVAS

    PLAINTIFF,

VS.

RICARDO MELENDEZ DOES 1 TO 10

    DEFENDANT,

Case No.: **8:24-cv-01988 FWS (DFMx)**

NOTICE OF REMOVAL UNDER
[28 USC 1332, 1391, 1441, 1446 (6)]
Calif. CCP 430.90]

From The SUPERIOR COURT OF CALIFORNIA
Case No. 30-2024-01413580-CL-UD-CJC

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendant, CRISTOBAL CUEVAS is a party in a California State Court filed in Orange County Superior Court, concerning real property located at 404 SOUTH PACIFIC DRIVE (ADU), ORANGE, CA 92833 [hereafter "premises"], within this court's jurisdiction.

2. Defendant, former owner of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court only against the former owner of the premises, Defendant is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

COMPLAINT REMOVING TO FEDERAL COURT- 1

4. Plaintiff is represented by Counsel in the State Court action as follows:

CRISTOBAL CUEVAS
404 SOUTH PACIFIC DRIVE
FULLERTON, CA 92833

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

   a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PFTA makes the purchaser at the foreclosure sale subject to the rights of the existing bonafide tenants. The tenancy is protected by federal law.

   b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on more 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days' notice be given [PFTA 701(a)(a)]

    c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

    d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit. Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.* 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior, and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if

(1) the federal issues are essential to the claims,
(2) there is a substantial federal issues in resolving such issues, and
(3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. The four criteria of *Cort V. Ash* 422 US 66 (1975) are satisfied:
    a. Defendant CRISTOBAL CUEVAS is a member of a protected class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.
    b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by i. The language of the PTFA, particularly 702(a), ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc* 500 Fed 3d, 1019, 1024 (9th, 2007)], and iii. The legislative history.
    c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.
    d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly intended to occupy the filed and break tradition, with a bold new law intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremacy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facie case in the language of the PTFA. The notice purports to comply with the PTFA, and without

1 the reference to the 90-day notice required by the PTFA,
2 Plaintiff would be unable to evict any such tenant.
3 14. The federal cause of action in ejectment is the basis for
4 this action, irrespective of artful pleading, such that action
5 could have been brought in Federal District Court.

**Removed Action**

7 15. The notice of removal is timely under Section 1446 (b) of
8 Title 28 of the United States Code because it is filed within 30
9 days of discovering that the case was ripe for removal.
10 16. A true and correct copy of the State Court Complaint of the
11 action, Defendant's Pre-Judgment Claim of Right to Possession
12 and related documents, sought to be removed to this Court are
13 attached hereto and incorporated herein by reference.
14 17. Defendant, CRISTOBAL CUEVAS is bona fide residential tenant
15 of a foreclosed landlord, entitled to the protection of the
16 PTFA, and entitled to remove this action to Federal Court.
17 18. Under California code of Civil Procedure 430.90, the state
18 trial court hereby loses jurisdiction under the Federal Rules of
19 Civil Procedure and does not recover jurisdiction, if at all,
20 until and unless this action is remanded to the state Court,
21 after which jurisdiction will again attach as described in that
22 statue.

Date: 9/16/2024

_____
CRISTOBAL CUEVAS, IN PRO PER

BY FAX

# Exhibit "A"

Electronically Filed by Superior Court of California, County of Orange, 08/05/2024 10:16:00 AM.
30-2024-01413580-CL-UD-CJC - ROA # 14 - DAVID H. YAMASAKI, Clerk of the Court By V. Hammer, Deputy Clerk.

# SUMMONS—EVICTION
## (CITACIÓN JUDICIAL—DESALOJO)

**SUM-130**

### UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY
*(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RICARDO MELENDEZ    DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FRANCISCO MONTANO

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. If this summons was served through the Secretary of State's Safe at Home address confidentiality program, you have 10 days from the date of service, not counting Saturdays and Sundays and other judicial holidays, to respond.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association.

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante. Si la presente citación le ha sido entregado a través del programa de dirección confidencial del Secretario del Estado Seguro en Casa, tiene 10 días después de la fecha de entrega, sin contar sábado y domingo y otros días feriados del tribunal, para responder.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpca.org/es), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.*

*EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier monto de $10,000 ó más recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

1. The name and address of the court is:
*(El nombre y dirección de la corte es):*
Central Justice Center
700 Civic Center Drive West
Santa Ana, CA 92701

CASE NUMBER *(número de caso):*
30-2024-01413580-CL-UD-CJC

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FRANCISCO MONTANO
404 SOUTH PACIFIC DRIVE
FULLERTON, CA 92833          714-863-7683

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2024]

**SUMMONS—EVICTION**
**(Unlawful Detainer / Forcible Detainer / Forcible Entry)**

Code of Civil Procedure, §§ 412.20, 415.45, 1167
www.courts.ca.gov
Generated by Guide and File

SUM-130

| PLAINTIFF (Name): FRANCISCO MONTANO | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): RICARDO MELENDEZ          DOES 1 TO 10 | 30-2024-01413580-CL-UD-CJC |

3. *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415)** [X] did **not**  [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date)* :

Date: 08/05/2024    DAVID H. YAMASAKI, Clerk of the Court    Clerk, by  V. Hammer  , Deputy
(Fecha)                                                       (Secretario)                 (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (form POS-010).)*

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant.
   d. [ ] on behalf of *(specify):*
      under  [ ] CCP 416.10 (corporation).           [ ] CCP 416.60 (minor).
             [ ] CCP 416.20 (defunct corporation).   [ ] CCP 416.70 (conservatee).
             [ ] CCP 416.40 (association or partnership). [ ] CCP 416.90 (authorized person).
             [ ] CCP 415.46 (occupant).              [ ] other *(specify):*
   e. [ ] by personal delivery on *(date):*

Electronically Filed by Superior Court of California, County of Orange, 07/22/2024 08:00:00 AM.
30-2024-01413580-CL-UD-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By R. Gardea, Deputy Clerk.

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: **FRANCISCO MONTANO** <br> FIRM NAME: <br> STREET ADDRESS: **404 SOUTH PACIFIC DRIVE** <br> CITY: **FULLERTON**   STATE: **CA**   ZIP CODE: **92833** <br> TELEPHONE NO.: **714-863-7683**   FAX NO.: <br> EMAIL ADDRESS: **mbarrera1008@icloud.com** <br> ATTORNEY FOR (name): **Self-Represented** | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: **FRANCISCO MONTANO**

DEFENDANT: **RICARDO MELENDEZ**

[X] DOES 1 TO 10

Dept. C66

**COMPLAINT—UNLAWFUL DETAINER***
[X] COMPLAINT  [ ] AMENDED COMPLAINT  (Amendment Number):

CASE NUMBER: 30-2024-01413580-CL-UD-CJC

Jurisdiction (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)
Amount demanded  [X] does not exceed $10,000
                 [ ] exceeds $10,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
   [ ] from unlawful detainer to general unlimited civil (possession not in issue).   [ ] from limited to unlimited.
   [ ] from unlawful detainer to general limited civil (possession not in issue).   [ ] from unlimited to limited.

1. PLAINTIFF (name each): **FRANCISCO MONTANO**

   alleges causes of action against DEFENDANT (name each):
   **RICARDO MELENDEZ**

2. a. Plaintiff is (1) [X] an individual over the age of 18 years. (4) [ ] a partnership.
                   (2) [ ] a public agency.                         (5) [ ] a corporation.
                   (3) [ ] other (specify):

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county): **404 SOUTH PACIFIC DRIVE (ADU) ORANGE, Orange County, CA 92833**

   b. The premises in 3a are (check one)
      (1) [X] within the city limits of (name of city): **ORANGE**
      (2) [ ] within the unincorporated area of (name of county):

   c. The premises in 3a were constructed in (approximate year): 1952

4. Plaintiff's interest in the premises is [X] as owner [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| Form Approved for Optional Use <br> Judicial Council of California UD-100 [Rev. January 1, 2024] | **COMPLAINT—UNLAWFUL DETAINER** | Page 1 of 4 <br> Civil Code, § 1940 et seq.; <br> Code of Civil Procedure, §§ 425.12, 1166 <br> www.courts.ca.gov <br> Generated by Guide and File |

| PLAINTIFF: FRANCISCO MONTANO | | UD-100 |
|---|---|---|
| DEFENDANT: RICARDO MELENDEZ    DOES 1 TO 10 | CASE NUMBER: | 30-2024-01413580-CL-UD-CJC |

6. a. On or about (date): 6/1/2023
   defendant (name each):
   RICARDO MELENDEZ

   (1) agreed to rent the premises as a [X] month-to-month tenancy [ ] other tenancy (specify):
   (2) agreed to pay rent of $1800.00    payable [X] monthly [ ] other (specify frequency):
   (3) agreed to pay rent on the [X] first of the month [ ] other day (specify):

   b. This [ ] written [X] oral    agreement was made with
   (1) [X] plaintiff.    (3) [ ] plaintiff's predecessor in interest.
   (2) [ ] plaintiff's agent.    (4) [ ] Other (specify):

   c. [ ] The defendants not named in item 6a are
   (1) [ ] subtenants.
   (2) [ ] assignees.
   (3) [ ] Other (specify):

   d. [ ] The agreement was later changed as follows (specify):

   e. [ ] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)

   f. [X] (For residential property) A copy of the written agreement is not attached because (specify reason): This was an oral agreement
   (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) [X] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in 6 (complete (a) or (b))
   a. [X] is not subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is (specify): Tenant has not lived in the property for at least 12 months.
   b. [ ] is subject to the Tenant Protection Act of 2019.

8. (Complete only if item 7b is checked. Check all applicable boxes.)
   a. [ ] The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b. [ ] The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff (check one)
      (1) [ ] waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of
      (2) [ ] provided a direct payment of one month's rent under section 1946.2(d)(3), equaling to (name each defendant and amount given to each):

   c. [ ] Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. [X] Defendant (name each):
   RICARDO MELENDEZ

   was served the following notice on the same date and in the same manner:
   (1) [ ] 3-day notice to pay rent or quit    (5) [ ] 3-day notice to perform covenants or quit
   (2) [ ] 30-day notice to quit                    (not applicable if item 7b checked)
   (3) [ ] 60-day notice to quit    (6) [ ] 3-day notice to quit under Civil Code, § 1946.2(c)
   (4) [ ] 3-day notice to quit        Prior required notice to perform covenants served (date):
                                  (7) [X] Other (specify): 3 DAY PAY OR QUIT AND QUIT

| | | UD-100 |
|---|---|---|
| PLAINTIFF: FRANCISCO MONTANO | | CASE NUMBER: |
| DEFENDANT: RICARDO MELENDEZ  DOES 1 TO 10 | | 30-2024-01413580-CL-UD-CJC |

9. b. (1) On (date): 7/19/2024 the period stated in the notice checked in 9a expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [X] The notice included an election of forfeiture.
   e. [X] A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)
   f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. (Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
   (1) [X] By personally handing a copy to defendant on (date): 7/16/2024
   (2) [ ] By leaving a copy with (name or description):
      a person of suitable age and discretion, on (date): at defendant's
      [ ] residence  [ ] business  AND mailing a copy to defendant at defendant's place of residence on (date): because defendant cannot be found at defendant's residence or usual place of business.
   (3) [ ] By posting a copy on the premises on (date):
      [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on (date):
      (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
      (b) [ ] because no person of suitable age or discretion can be found there.
   (4) [ ] (Not for 3-day notice; see Civil Code, § 1946, before using) By sending a copy by certified or registered mail addressed to defendant on (date):
   (5) [ ] (Not for residential tenancies; see Civil Code, § 1953, before using) In the manner specified in a written commercial lease between the parties
   b. [ ] (Name): was served on behalf of all defendants who signed a joint written rental agreement.
   c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
   d. [X] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
12. [ ] At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $1800.00
13. [X] The fair rental value of the premises is $60.00 per day.
14. [X] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)
15. [ ] A written agreement between the parties provides for attorney fees.
16. [ ] Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):

   Plaintiff has met all applicable requirements of the ordinances.

17. [ ] Other allegations are stated in Attachment 17.
18. Plaintiff accepts the jurisdictional limit, if any, of the court.

| PLAINTIFF: FRANCISCO MONTANO | | UD-100 |
|---|---|---|
| DEFENDANT: RICARDO MELENDEZ | DOES 1 TO 10 | CASE NUMBER: 30-2024-01413580-CL-UD-CJC |

19. **PLAINTIFF REQUESTS**
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. [X] past-due rent of $1800.00
   d. [ ] reasonable attorney fees.
   e. [X] forfeiture of the agreement.
   f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8:
   g. [X] damages at the rate stated in item 13 from date: 7/1/2024 for each day that defendants remain in possession through entry of judgment.
   h. [X] statutory damages up to $600 for the conduct alleged in item 14.
   i. [ ] other (specify):

20. [ ] Number of pages attached (specify):

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400–6415)

21. [X] (Complete in all cases.) An unlawful detainer assistant [X] did not [ ] did for compensation give advice or assistance with this form. (If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on (date):

Date: 07/22/24

FRANCISCO MONTANO
(TYPE OR PRINT NAME)

▶ /s/ FM
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 07/22/24

FRANCISCO MONTANO
(TYPE OR PRINT NAME)

▶ /s/ FM
(SIGNATURE OF PLAINTIFF)